FILED

2017 Jul-25  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JAHALA COLLINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:16-CV-01149-VEH** |
| | ) |
| **NANCY A. BERRYHILL, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff Jahala Collins ("Ms. Collins") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"),[1] who denied her application for disability insurance benefits ("DIB"). Ms. Collins filed an application for DIB on November 10, 2013. Thereafter, she pursued and exhausted the administrative remedies available before the

---

[1] Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. *See* https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."*Id*. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner failed to apply the correct legal standard. Accordingly, the decision of the Commissioner is due to be remanded.

## FACTUAL AND PROCEDURAL HISTORY

On October 23, 2013, Ms. Collins filed a Title II application for a period of disability and DIB, alleging disability beginning September 30, 2012. (Tr. 86). Her claim was denied initially on March 10, 2014. (Tr. 101). Ms. Collins made a request for a hearing that was completed on March 13, 2014. (Tr. 107). On October 19, 2015, Ms. Collins appeared and testified at a hearing before an ALJ. (Tr. 32).

2

On February 12, 2016, the ALJ issued an unfavorable decision declaring that Ms. Collins was not disabled and denying her DIB claim. (Tr. 11-26). Ms. Collins timely requested further review by the Appeals Council (Tr. 7), which was denied on May 12, 2016. (Tr. 1).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's

3

application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five step process for determining whether a claimant

---

[2] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 13, 2017.

4

is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

sequence:

> (1) whether the claimant is currently employed;

> (2) whether the claimant has a severe impairment;

> (3) whether the claimant's impairment meets or equals an impairment
>     listed by the [Commissioner];

> (4) whether the claimant can perform his or her past work; and

> (5) whether the claimant is capable of performing any work in the
>     national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable

C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-

63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once a claimant has satisfied steps One and Two, [he] will automatically
> be found disabled if [he] suffers from a listed impairment. If the
> claimant does not have a listed impairment but cannot perform [his]
> work, the burden shifts to the [Commissioner] to show that the claimant
> can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record, the ALJ made the following findings:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2017. (Tr. 13).

2.    Although the claimant alleged an onset date of September 30, 2012, the undersigned finds that the claimant engaged in substantial gainful activity from January 1, 2011, to at least December 31, 2012, and likely thereafter.[3] (20 C.F.R. § 404.1571 *et seq.*). (Tr. 13).

3.    There has possibly been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address that period. (Tr. 16).

4.    The claimant has the following severe impairments: mild chronic kidney disease; obesity; neuropathy, NOS; status post possible Lyme disease infection; osteoarthritis/Lyme arthritis; degenerative disc disease of the lumbar spine; and chronic sinusitis. (20 C.F.R. § 404.1520(c)). (Tr. 14).

5.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. § 404.1520(d), § 404.1525, § 404.1526). (Tr. 18).

6.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work[4] as defined in 20 C.F.R. § 404.1567(b) except

---

[3] Ms. Collins originally alleged a disability onset date of September 30, 2012. (Doc. 8 at 1). However, in her brief, she has conceded that the ALJ was correct in finding that her ownership of the consignment store, "Bargains 4U" (Tr. 13), with the period ending on December 31, 2012, qualified as substantial gainful activity for step one of the disability analysis. (Doc. 8 at 11-12). Therefore, Ms. Collins recognized that the ALJ correctly adjusted her disability onset date to December 31, 2012, and determined that she could not be found disabled prior to that date. (Doc. 8 at 11).

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in the category when it requires a good deal of walking or standing, or when it involves

she can frequently climb ramps and stairs but never climb ladders or scaffolds. This person can frequently balance but can only occasionally stoop, crouch, kneel and crawl. This individual should never be exposed to unprotected heights, dangerous machinery, dangerous tools or hazardous processes and should be exposed to no more than moderate noise levels. In addition to normal workday breaks, this person would be off-task up to five percent of an eight-hour workday, in non-consecutive minutes. (Tr. 19).

7.    The claimant is capable of performing past relevant work as a consignment store operator. This work does not require the performance of work-related activities precluded by the claimant's residual functioning capacity. (20 C.F.R. § 404.1565). (Tr. 26).

8.    The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2012, through the date of this decision. (20 C.F.R. § 404.1520(f)). (Tr.26).

## ANALYSIS

## I.    The ALJ erred in using Ms. Collins's gross income instead of her net income in determining if her consignment owner job was SGA.

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672

---

sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567.

F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id*. (citing *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977)).

As stated above, this court has a duty to review all legal standards used by the ALJ *de novo*. *Davis*, 985 F.2d at 531. Upon review, the undersigned has determined that the ALJ committed reversible error in analyzing Ms. Collins's previous employment as a consignment store owner. In order for a self-employed individual to have engaged in SGA, he or she must have "render[ed] services that are significant to the operation of the business *and* received substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(i) (emphasis added). "Significant service" is defined as "contribut[ing] more than half the total time required for the management of the business, or [] render[ing] management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. § 404.1575(b).[6] Further, the C.F.R. articulates that in order to determine "substantial

---

[5] *Strickland* is binding precedent on this Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decision of the former Fifth Circuit handed down prior to October 1, 1981).

[6] Because of the ALJ's legal error in determining substantial income as set out below, this court declines to provide any conclusion regarding the "hours worked" aspect of the ALJ's SGA analysis. On remand, the ALJ should develop the record more fully and determine which business activities performed by Ms. Collins were specifically *managerial* duties and how many

income," the ALJ must "deduct [Ms. Collins's] normal business expenses from [her] gross income to determine net income;" the net income figure being the one applied to the SGA standard. 20 C.F.R. § 404.1575(c)(1).

In this case, in determining if Ms. Collins's consignment shop owner job was SGA, the ALJ assessed her income by using her *gross income* as the final, applicable amount, not the required *net income*. (*See* Tr. 15-16 "Her business generated a substantial income in 2011 and 2012 as she had $16,474 of gross income from BARGAINS4U in 2011 and $20,251 of gross income in 2012." (citation omitted)). This was error. On the record, the court cannot determine whether or not that legal mistake constitutes harmless error. *Cf. Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error doctrine when mistake made by ALJ did not alter the outcome). For the reasons articulated above, this case is to be remanded.

## CONCLUSION

The court finds that the ALJ committed reversible error in his disability analysis by using Ms. Collins's gross income to determine that her consignment owner job was SGA. Accordingly, the decision of the Commissioner will be remanded by separate order.

---

hours per week she spent on *those* duties.

9

**DONE** and **ORDERED** this the 25th day of July, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge