## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JAHALA COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:16-CV-1149-VEH** |
| | ) | |
| **NANCY A. BERRYHILL, ACTING** | ) | |
| **COMMISSIONER, SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant**. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.   INTRODUCTION

Before the Court is the Social Security Administration Commissioner's ("Commissioner") Motion To Alter or Amend Memorandum Opinion and Order (the "Motion") pursuant to Rule 59(e). (Doc. 15). Both parties have filed their respective briefs, and this Motion is ripe for the Court's review.

On July 13, 2016, Plaintiff Jahala Collins ("Collins") filed her appeal seeking a review of a final adverse decision of the Commissioner of the Social Security Administration. On July 25, 2017, this Court issued its Memorandum Opinion ("Opinion") regarding Ms. Collins's appeal. (Doc. 13). In that Opinion, the Court found "that the ALJ committed reversible error in his disability analysis by using Ms.

Collins's gross income to determine that her consignment owner job was [substantial gainful activity]." (*Id.* at 9). The Court then reversed the Commissioner's decision. (Doc. 14 at 1).

## IV.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

---

[1]  The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)     whether the claimant can perform his or her past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## II.   STANDARD

### A.   RULE 59

Federal Rule of Civil Procedure Rule 59(e) concerns motions to alter or amend judgments. FED. R. CIV. P. 59(e). The standard governing Rule 59(e) motions is straightforward:

> [The Eleventh Circuit] review[s] the denial of a Rule 59 motion for abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

### B.   Standards for Reviewing a Commissioner's Decision

The Court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This Court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the Court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the Court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## III. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record, the ALJ made the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2.  Although the claimant alleged an onset date of September 30, 2012, the undersigned finds that the claimant engaged in

substantial gainful activity from January 1, 2011[,] to at least December 31, 2012, and likely thereafter (20 CFR 404.1571 *et seq.*).

3.      There has possibly been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address that period.

4.      The claimant has the following severe impairments: mild chronic kidney disease; obesity; neuropathy, NOS; status post possible Lyme disease infection; osteoarthritis/Lyme arthritis; degenerative disc disease of the lumbar spine; and chronic sinusitis (20 CFR 404.1520(c)).

5.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can frequently climb ramps and stairs but never climb ladders or scaffolds. This person can frequently balance but can only occasionally stoop, crouch, kneel and crawl. This individual should never be exposed to unprotected heights, dangerous machinery, dangerous tools or hazardous processes[,] and should be exposed to no more than moderate noise levels. In addition to normal workday breaks, this person would be off-task up to five percent of an eight-hour workday, in non-consecutive minutes.

7.      The claimant is capable of performing past relevant work as a consignment store operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8.      The claimant has not been under a disability, as defined in the

Social Security Act, from September 30, 2012, through the date
of this decision (20 CFR 404.1520(f)).

(Tr. 13-26).

### III. ANALYSIS

#### A.    The Commissioner Meets the Rule 59(e) Standard

The Commissioner argues that the "Court applied an incorrect legal standard

when reviewing the Administrative Law Judge's decision concerning Plaintiff's

former work." (Doc. 15 at 1). In essence, the Commissioner argues that the Court

erroneously looked solely at test one, and not tests two and three, when determining

whether Collins's "work activity of a self-employed person is [substantial gainful

activity]." (*See id.* at 3) (citing 20 C.F.R. § 1575). The Commissioner argues that the

"ALJ's application of tests two and three to determine whether [Collins's]

consignment store work was [substantial gainful activity] was legally correct and is

supported by substantial evidence." (*Id.* at 4).[2] Upon further review, this Court

determines that its Memorandum Opinion and Order from July 25, 2017, were in error

and are due to be vacated.

The Code of Federal Regulations states the following regarding self-employed

people:

---

[2] The Commissioner also notes that the grounds for which the Court reversed the ALJ's
decision was not one which the parties actually briefed. (*See* Doc. 15 at 3).

7

(2) General rules for evaluating your work activity if you are self-employed. We will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed. We will not consider your income alone because the amount of income you actually receive may depend on a number of different factors, such as capital investment and profit-sharing agreements. We will generally consider work that you were forced to stop or reduce to below substantial gainful activity after 6 months or less because of your impairment as an unsuccessful work attempt. See paragraph (d) of this section. We will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services. We determine whether you have engaged in substantial gainful activity by applying three tests. <u>If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three.</u> The tests are as follows:

(i) Test [O]ne: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.

(ii) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

(iii) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575 (emphasis added).[3]

The Court's opinion narrowly focused on the ALJ's discussion of Collins's income. (Doc. 13 at 9). While the Court was correct to note the general rule that the gross income is not the final figure to be used in determining substantial gainful activity,[4] the Court neglected to credit the ALJ for his discussion of tests two and three. The regulation indicates that the claimant just has to meet one test, not multiple. 20 C.F.R. § 404.1575 ("If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three."); *see Palmer v. Barnhart*, 40 F. App'x 278, 282 (7th Cir. 2002) ("A self-employed individual . . . is considered to have engaged in substantial gainful activity if she satisfies any one of three tests"). Further, the ALJ did not rest his decision on test one and Collins's gross income. (Tr. 16) (resting his analysis, not on test one, but on tests two and three); (Tr. 16) ("[T]he claimant's low/non-existent wages and low number of hours are not dispositive of this issue."); (Tr. 16) ("Unfortunately, her business was not profitable, but that is not material to the analysis.").

---

[3] Collins notes that "the ALJ was required to employ three methods for testing whether the self-employed plaintiff was engaged in substantial gainful employment." (Doc. 21 at 5) (citing 20 C.F.R. § 404.1575(a)).

[4] *See* 20 C.F.R. § 404.1575(c)(1); (*see also* Doc. 21 at 6).

Further, Collins made <u>no argument</u> in her opening brief that the ALJ erred at step 1; in fact, it was quite the opposite. (Doc. 8 at 12). Collins stated the following in her original brief: "The ALJ duly analyzed the [Collins's] past part-time work under step 1 to determine that she engaged in SGA until December 31, 2012. (Tr. 13-16)." (*Id.* at 12). This provides further support for the conclusion that the Court erred in reversing the Commissioner at step one.

In conclusion, the Court erred by focusing solely on test one, and not tests two and three. This was a manifest error, and as such, the Court's Memorandum Opinion (Doc. 13) and Order (Doc. 14) are due to be **VACATED**.

## B.    The ALJ's Decision Is Supported by Substantial Evidence.

Because the Court vacates its prior memorandum opinion and order, it now reevaluates the previous briefing using the correct legal standard. The issue presented is whether "substantial evidence support[s] the Commissioner's finding that [Collins] was not disabled because she could return to work as a consignment store owner." (Doc. 7 at 1).

It is important to remember that, while other steps are discussed (both in this opinion and by the ALJ), this is fundamentally a <u>step four</u> case.[5] This means that

---

[5] This is a step four case because the ALJ determined that "[Collins] is capable of performing past relevant work as a consignment store operator." (Tr. 26). Collins's claim failed at step four. (Tr. 26).

"[t]he claimant . . . bears the initial burden of proving that she is unable to perform her previous work." *See Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir.1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir.1986)). To the extent this opinion talks about the other steps (other than step five, which the ALJ did not reach), it is reminded that "a claimant bears the initial burden of establishing the existence of a disability." *Id.* (citing 42 U.S.C. § 1382c(a)(3) (1982); 20 C.F.R. § 416.912 (1989); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987)).

### i. The ALJ Properly Determined That Collins's Work in Her Consignment Store Was Past Relevant Work.

Substantial gainful activity is work activity that is both substantial and gainful:

(a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

---

Collins herself seems to contemplate that this is a step four case. (*See* Doc. 8 at 10) ("However, the ALJ nevertheless found the claimant 'Not Disabled' because the ALJ determined that the claimant can still allegedly perform her past work.").

The Commissioner also argues this as a step four case. (*See* Doc. 12 at 4) ("Because the ALJ found [Collins] not disabled as step four, he did not need to continue to step five of the sequential evaluation."); (*See* Doc. 7 at 1) ("Does substantial evidence support the Commissioner's finding that Plaintiff was not disabled because she could return to work as a consignment store owner?").

(b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) Some other activities. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 416.972.

Collins's position is based on a flawed premise that part-time work cannot be substantial gainful activity (and hence past relevant work) at step four. (Doc. 8 at 13). What Collins basically does, in her brief, is emphasis this passage from SSR 96-8p: "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." (Doc. 8 at 13). However, Collins ignores the footnote immediately following that sentence. (*See id.*). That footnote is crucial, especially given that this is a step four case. It states:

> The ability to work 8 hours a day for 5 days a week is not always required when evaluating an individual's ability to do past relevant work at step 4 of the sequential evaluation process. Part-time work that was substantial gainful activity, performed within the past 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled.

SSR 96-8p, 1996 WL 374184, at fn. 2. The language of SSR 96-8p closely tracks the language in the Code of Federal Regulations. The Code of Federal Regulations

defines "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). This means that part-time work can be substantial gainful activity and past relevant work. For that reason, if Collins "retains the RFC to perform such work" she "must be found not disabled." *See* SSR 96-8p.

Collins basically argues that "only an ability to do full-time work will permit the ALJ to render a decision of not disabled beyond Step 1." (*See* Doc. 8 at 13) (emphasis added). Collins cites to 20 C.F.R. § 404.1520(f) (Doc. 8 at 13), so the Court includes that section here, in its entirety:

> (f) Your impairment(s) must prevent you from doing your past relevant work. If we cannot make a determination or decision at the first three steps of the sequential evaluation process, we will compare our residual functional capacity assessment, which we made under paragraph (e) of this section, with the physical and mental demands of your past relevant work. See paragraph (h) of this section and § 404.1560(b). If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. § 404.1520(f) (emphasis added). As explained by this Court above, part-time work can be substantial gainful activity and past relevant work. Nothing about 20 C.F.R. § 404.1520(f) changes this conclusion.

Collins rests much of her argument on *Kelley v. Apfel*. (Doc. 8 at 12) (citing *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999)). However, the *Kelley* case was a step five case. *See Kelley*, 185 F.3d at 1215 ("We emphasize that the instant case was a

Step Five case, not a Step One case."). The court in *Kelley* stated that "it is not necessary for us to confront the issue of whether part-time work, as opposed to full-time work, will prevent a claimant from being found disabled as Step Five." *Id.* This current case is a step four case, and *Kelley* does not aid Collins's position.

Collins takes issue with the ALJ's hypothetical because it does not conclude that Collins "can still perform 'substantial gainful activity.'" (Doc. 8 at 11). However, that was not the point of the hypothetical. The point of the hypothetical was to get an expert opinion about whether an individual with limitations similar to Collins's could perform past relevant work. (Tr. 338). The ALJ already determined, at step one, that "[Collins's] past work as a consignment store owner was both substantial and gainful." (Tr. 16). Accordingly, this argument fails.

Collins implies that working "just 12-14 hours per week" is not enough to make her work at the consignment shop past "relevant full-time" work. (Doc. 8 at 11). However, this case has to be evaluated under 20 C.F.R. § 404.1575 because Collins was self-employed. *See* 20 C.F.R. § 404.1575. There is nothing in 20 C.F.R. § 404.1575(a) indicating that 12-14 hours a week is not enough for substantial gainful activity. Although § 404.1575(b) does state that <u>one</u> of the tests for whether an activity meets the level of "significant services" is whether the claimant "render[s] management services for more than 45 hours a month regardless of the total

management time required by the business" (20 C.F.R. § 404.1575(b)(1)), this "significant service" issue is only relevant to test one. *Id.* at § 404.1575(a)(2)(i). This Court has already discussed how it erred in narrowly focusing on the ALJ's discussion of test one, when the ALJ ultimately relied on tests two and three. For this reason, its unnecessary to discuss the impact of "significant services," as that was not relied upon by the ALJ in his decision.

Further, the Medical-Vocational Guideline Grids do not contradict the ALJ's finding that Collins was not disabled. Collins starts and ends her arguments with the implication that 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06 compels a finding of "disabled." (*See* Doc. 8 at 9-10);[6] (*see* Doc. 8 at 14).[7] However, GRID Rule 202.06 does not apply because the ALJ properly found that Collins is able to perform her past relevant work. (Tr. 26). The Grid itself contemplates this outcome. *See* 20

---

[6] Collins states:

When an individual age 55 or older (advanced age) who is a high school graduate or more has previous work experience in skilled or semiskilled work, but those work skills are not transferable, the medical vocational rules ("grids") direct a ruling of "Disabled". See 20 CFR Part 404, Subpart P, Appendix 2, Rule 202.06.

(Doc. 8 at 9-10).

[7] Collins states:

Because the claimant can perform no more than light work and has no transferable skills she is disabled. See GRID Rule 202.06, supra.

(Doc. 8 at 14).

C.F.R. Part 404, Subpart P, Appendix R, Rule 202.00(c). It states:

> (c) However, for individuals of advanced age <u>who can no longer perform vocationally relevant past work</u> and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

*See id.* (emphasis added).

In conclusion, the ALJ properly determined that Collins's work at her consignment store was past relevant work.

> ### ii. The ALJ's Decision That Collins Can Return to Her Past Relevant Work Is Supported by Substantial Evidence.

The ALJ's determination that "[Collins] is capable of performing past relevant work as a consignment store operator" is supported by substantial evidence. (Tr. 26) (emphasis omitted).

In this case, the ALJ did an extensive analysis of Collins's residual functional capacity. (Tr. 19-25). It is not this Court's job to re-weigh the evidence.[8] In making

---

[8]  The role of the Court in reviewing these appeals is narrow:

We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary. Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence. Yet, within this narrowly circumscribed role, we do not "act as automatons." We must scrutinize the record as a whole to determine if the decision reached is reasonable, and supported by substantial evidence.

his determination that Collins could "perform[ ] her past relevant work as a consignment store operator", the ALJ relied on the Vocational Expert's answers to an interrogatory. (Tr. 26).[9] In the Eleventh Circuit, "a vocational expert's testimony" can "constitute substantial evidence" if "the ALJ [poses] a hypothetical question which comprises all of the claimant's impairments." *See Wilson*, 284 F.3d at 1227.

The hypothetical was the following:

7.    The following hypothetical is based upon your prior testimony. If your prior testimony is altered as the result of your current review of your case review notes or other materials used in formulating your prior or current testimony, please note the change accordingly.

Assume a hypothetical individual who was born on August 28, 1955. Further, assume that the individual could perform light exertional work. Assume this individual can frequently climb ramps and stairs but never climb ladders or scaffolds. This person can frequently balance but can only occasionally stoop, crouch, kneel and crawl. This individual should never be exposed to unprotected heights, dangerous machinery, dangerous tools or hazardous processes and should be exposed to no more than moderate noise levels. In addition to normal workday breaks, this person would be off-task up to 5% of an 8-hour workday (in non-consecutive minutes).

_____

Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

*Bloodsworth*, 703 F.2d at 1239 (internal citations omitted).

[9]  The Vocational Expert also testified on October 19, 2015, at Tr. 77-83. It appears that Collins focuses on the hypothetical questions at the hearing, not the hypothetical questions answered in the follow-up interrogatory. (Doc. 8 at 10-11). It is important to focus on the follow up interrogatories as well, given that is what the ALJ relied on in his opinion. (Tr. 26) (citing to Exhibit 26E, the follow-up interrogatories).

8.     Could the individual described in item #7 perform any of the claimant's past jobs, deemed to be past relevant work, **as actually performed by the claimant**?

(Tr. 338).[10] The Vocational Expert responded that Collins could perform the jobs of:

medical insurance biller, office manager, X-ray technician, small business owner,

bookkeeper, and sales clerk. (Tr. 338).[11] Further, the Vocational Expert found that the

hypothetical individual could do those jobs "as actually performed by [Collins]." (Tr.

338) (emphasis omitted). In conclusion, the ALJ's decision is supported by

substantial evidence.

### iii.     *Collins's Response to the Motion To Alter or Amend*

Additionally, nothing in Collins's response to the Motion To Alter or Amend

changes this Court's decision to affirm the Commissioner's decision. Collins

essentially cites two cases.[12] (Doc. 21 at 1-8) (citing *Rollins v. Shalala*, 19 F. Supp.

2d 1100 (C.D. Cal. 1994)); (Doc. 21 at 9-10) (citing *Rams v. Chater*, 989 F. Supp.

309 (D. Mass. 1997)). However, neither of these cases advance Collins's argument.

---

[10] The Court explained in section III(B)(I) why a similar hypothetical was proper. The Court reiterates the Vocational Expert's testimony to show why the ALJ's decision was supported by substantial evidence.

[11] The Vocational Expert noted that she "reviewed the evidence in this case relating to [Collins's] vocational background" and had "sufficient evidence . . . to form an opinion of [Collins's] vocational status." (Tr. 337).

[12] Collins also cites to *Kelley v. Apfel* again. (Doc. 21 at 8) (citing *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999)). However, the Court has already explained why this case does not help Collins.

In *Rollins*, the court actually affirmed the ALJ's decision. *See Rollins*, 19 F. Supp. 2d at 1104 ("In sum, there is substantial evidence supporting the ALJ's determination that plaintiff was engaged in substantial gainful activity as of the date when his insured status expired. Accordingly, I find no error in the ALJ's conclusion, reached at step one of the sequential evaluation, that plaintiff was 'not disabled.'"). Collins tries to contrast her case to the *Rollins* case. (*See* Doc. 21 at 8) ("Unlike the dentist in *Rollins*, Ms. Collins never operated her consignment shop 'with the hope of making a living at it.' In contrast to *Rollins*, the evidence in this case is that Plaintiff kept her failing consignment shop open more for her personal pleasure or as a hobby than for actual business reasons.").

However, Collins does not cite any part of the record conclusively indicating that her consignment shop was a "hobby" (*see* Doc. 21 at 6-7), and "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).[13]

Further, the idea that the consignment shop was a "hobby" is mentioned for the first time during the Motion To Alter or Amend; it does not show up in the original briefing. (*See generally* Doc. 8). In fact, the original briefing states that "[t]he ALJ

---

[13] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

duly analyzed the claimant's past part-time work under step 1 to determine that she engaged in [substantial gainful activity]." (*Id.* at 12). On one hand, Collins is saying that the ALJ properly determined that the consignment shop was substantial gainful activity,[14] and on the other she is calling it a hobby.[15] Collins cannot have it both ways.

Collins also cites to *Rams*. (*See* Doc. 21 at 9) (citing *Rams*, 989 F.Supp. at 319-20). In *Rams*, the district judge reversed the ALJ's determination because "[t]he ALJ . . . never made a determination of RFC or of the mental, physical and other demands of plaintiff's past work as court reporter. The ALJ must have made such determination before reaching her step-four finding." *See* 989 F. Supp. at 319 (citing 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1546). In this case, the ALJ's analysis of Collins's residual functional capacity was extensive. (Tr. 19-25). The ALJ then had the Vocational Expert consult on whether someone with Collins's limitations could perform Collins's past relevant work. (Tr. 26). There is no *Rams* error here.

In conclusion, the ALJ's decision is supported by substantial evidence and is hereby **AFFIRMED**.

---

[14] (*See* Doc. 8 at 12).

[15] (*See* Doc. 21 at 8).

### C. The Application for Fees.

Collins filed an Application for Fees Under the Equal Access to Justice Act (the "Application") on August 24, 2017. (Doc. 17). The Court stated that it would permit the Commissioner to respond to the Application after the Court ruled on the Motion. (Doc. 22).

To be a prevailing party a "'plaintiff [must have] succeeded on any significant issue in litigation which achieve[s] some of the benefit . . . sought in bringing suit.'" *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1993)). However, the actions the Court takes today mean that Collins is no longer a prevailing party.[16] For that reason, the Application (Doc. 17) is **DENIED**.

## IV. CONCLUSION

For the reasons herein stated, this Court's Memorandum Opinion (Doc. 13) and

---

[16] The Eleventh Circuit in *Newsome* stated:

The EAJA provides that the district court "<u>shall award to the prevailing party</u> other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions.

*Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (emphasis added) (internal footnotes omitted).

Order (Doc. 14) are **VACATED**. Upon further review, the Commissioner's decision

is hereby **AFFIRMED**. A separate order will be entered closing the case.

The Application for Fees Under the Equal Access to Justice Act (Doc. 17) is

**DENIED.**

**DONE** and **ORDERED** this the 9th day of November, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge